IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KWAN BOM CHO, GEOVANNI RAMIREZ, on behalf of themselves and all other Plaintiffs similarly situated known and unknown, )<br>)<br>)<br>) | |
| ) | Case No. |
| Plaintiffs, ) | |
| v. ) | Judge |
| PRATTCO, INC., d/b/a GCR CORPORATION, WILLIAM LEE and CHRISTOPHER LEE, )<br>)<br>) | |
| Defendants. ) | |

## COMPLAINT

Plaintiffs, Kwan Bom Cho and Geovanni Ramirez, on behalf of themselves and all other Plaintiffs similarly situated known and unknown through their attorneys, for their Complaint against Prattco, Inc., d/b/a GCR Corporation, William Lee and Christopher Lee ("Defendants"), state as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 10511 *et. seq.* ("IMWL") for Defendants' failure to pay minimum and overtime wages to Plaintiffs and other similarly situated employees. During the course of their employment by Defendants, Plaintiffs Kwan Bom Cho and Geovanni Ramirez were paid wages less than both the federal and State of Illinois mandated minimum wage. In addition, despite all Plaintiffs working in excess of forty (40) hours per week, Plaintiffs were not paid overtime wages. Plaintiffs' Consent Forms to be representative Plaintiffs in this collective action under the FLSA are attached hereto as Exhibit A.

2. In addition, Plaintiff Kwan Bom Cho makes state law claims against Defendants for fraud and battery due to Defendants' specific intent to injure Plaintiff Kwan Bom Cho and other similarly situated employees by instructing them to work with a very toxic chemical lacquer thinner in a manner that exposed them to harmful vapors and to absorption of the chemical through their skin which is in clear and serious violation of OSHA regulations. As a result of Defendants exposing Plaintiff Kwan Bom Cho to this very toxic chemical, Plaintiff Kwan Bom Cho has suffered and continues to suffer severe bodily harm. The

1

Defendants' specific intent to injure Plaintiff Kwan Bom Cho brings these claims outside the exclusive remedy provisions of the Illinois Workers' Compensation Act and the Workers' Occupational Diseases Act.

## THE PARTIES

3. Plaintiffs reside in and are domiciled within this judicial district.

4. Plaintiffs were "employees" of Defendants as defined by §3(e)(l) of the FLSA, 29 U.S.C. §203(e)(l) at all times relevant to this lawsuit.

5. Defendants were Plaintiffs' "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) at all times relevant to this lawsuit.

6. Defendant Prattco, Inc., d/b/a GCR Corporation is an Illinois corporation doing business as an assembly and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

7. Defendant William Lee is a citizen and resident of Cook County and is the President of Defendant Prattco, Inc., d/b/a GCR Corporation.

8. Defendant Christopher Lee is a citizen and resident of Cook County and is the Secretary of Defendant Prattco, Inc., d/b/a GCR Corporation.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C § 1367.

## FACTS

10. Defendant Prattco, Inc., d/b/a GCR Corporation was until 2006 named Astronics Company.

11. Defendant William Lee was President of Astronics Company.

2

12. A class action lawsuit was filed against Astronics Company on February 14, 2005 in the United States District Court for the Northern District of Illinois Eastern Division. *Santiago, et al. v. Astronics Company*, 1:05-cv-00887. The claims in that case were also for violations of the Fair Labor Standards Act and the Illinois Minimum Wage Act. That case was settled prior to trial.

13. After the foregoing case was settled, Astronics Company closed and dissolved in 2006.

14. Two weeks later, the company reopened in the same location as Prattco, Inc., d/b/a GCR Corporation.

15. At all times relevant to this lawsuit, Defendants required Plaintiff Kwan Bom Cho and other employees similarly situated to work with very toxic chemical lacquer thinner in a manner that violated Occupational Safety & Health Administration (OSHA) standards.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages
### (All Plaintiffs)

16. Plaintiffs hereby reallege and incorporate paragraphs 1 through 15 of this Complaint.

17. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.*, and for its failure to pay overtime wages to Plaintiffs and other similarly situated employees for all hours worked.

18. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

19. During the course of their employment by Defendants, Plaintiffs and other similarly situated employees were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

20. Plaintiffs and other similarly situated employees were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

21. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they and other similarly situated employees were entitled to be compensated at a rate of one and

one-half times their regular rate of pay.

22. Defendants did not compensate Plaintiffs and other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

23. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

24. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' regular rate for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Minimum Wages
### (All Plaintiffs)

25. Plaintiffs hereby reallege and incorporate paragraphs 1 through 24 of this Complaint.

26. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

27. The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Illinois Minimum Wage Law. 820 ILCS 105/1 *et seq*. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

28. At all relevant times herein, Defendants were an "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiffs were "employees" within the meaning of that Act.

4

29. Pursuant to 820 ILCS 105/4, for all hours during which Plaintiffs worked, Plaintiffs were entitled to be compensated minimum wages.

30. Defendants did not compensate Plaintiffs minimum wages for all hours worked.

31. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs minimum wages for all hours worked.

32. Pursuant to 820 ILCS 105112(a), Plaintiffs are entitled to recover their unpaid wages, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (All Plaintiffs)

33. Plaintiffs hereby reallege and incorporate 1 through 32 of this Complaint.

34. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

35. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

36. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

37. Defendants failed to compensate Plaintiffs overtime wages for hours worked in excess of forty (40) in individual work weeks.

5

38.     Defendants violated the Illinois Minimum Wage Law by not compensating Plaintiffs overtime wages for hours worked in excess of forty (40) in individual work weeks.

39.     Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

40.     Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for at least three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times Plaintiffs' hourly wage rate for all hours which Plaintiffs worked in excess of forty (40) hours per week

B.     Punitive damages pursuant to the formula set forth in 820 ILCS105/12(a);

C.     Reasonable attorney's fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### FRAUD
**(Plaintiff Kwan Bom Cho and other similarly situated employees)**

41.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 40 of this Complaint.

42.     Plaintiff Cho and other similarly situated employees were required by Defendants to use lacquer thinner in the performance of their duties.

43.     Defendants made false statements and representations to Plaintiffs that exposure to the lacquer thinner in the manner in which Plaintiffs were instructed to use the lacquer thinner was not harmful.

44.     Defendants knew that these statements and representations were false and that it was certain that Plaintiff Cho and other similarly situated employees would suffer serious bodily injury or death.

45.     Defendants knew that Plaintiff Cho and other similarly situated employees were not aware of the hazards of using the lacquer thinner in the manner in which they were instructed by Defendants.

46. Defendants made the statements and representations with the intent that Plaintiff Cho and other similarly situated employees would rely on them.

47. Plaintiff Cho and other similarly situated employees did rely on the representations and suffered serious bodily injury as a result of their reliance on Defendants' statements and representation.

48. Defendants specifically intended to injure Plaintiff Cho and other similarly situated employees in that Defendants intended for them to rely on Defendants' representations and Defendants knew it was certain that Plaintiff Cho and other similarly situated employees would suffer great bodily harm or death as a result.

49. The harm to Plaintiff Cho and other similarly situated employees resulted from a uniform and intentional policy developed by Defendants to conceal and affirmatively misrepresent the harmful effects of the manner of use of the lacquer thinner.

50. Plaintiffs have incurred, and will continue to incur, medical, surgical and other related expenses, the full nature and extent and amount of which are not yet known to the Plaintiffs, in an amount according to proof at trial.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in an amount to be proven at trial for Plaintiffs' bodily injuries and pain and suffering.

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

## COUNT V
## BATTERY
### (Plaintiff Kwan Bom Cho and other similarly situated employees)

51. Plaintiffs hereby reallege and incorporate paragraphs 1 through 50 of this Complaint.

52. Defendants intentionally caused serious bodily injury to Plaintiff Cho by forcing Plaintiff Cho to work with the lacquer thinner in an unsafe manner over a prolonged period whereby Plaintiff Cho would

breathe excessive vapors and his skin would absorb a harmful amount of the lacquer thinner.

53. Defendants were certain that serious bodily injury or death would result from requiring Plaintiff Cho to use the lacquer thinner in the manner Defendants had instructed Plaintiff Cho.

54. The harm to Plaintiff Cho and other similarly situated employees resulted from a uniform and intentional policy developed by Defendants to require Plaintiff Cho and other similarly situated employees to use the lacquer thinner in a manner that Defendants were certain would result in substantial bodily harm or death to Plaintiff Cho and other similarly situated employees.

55. Plaintiffs have incurred, and will continue to incur, medical, surgical and other related expenses, the full nature and extent and amount of which are not yet known to the Plaintiffs, in an amount according to proof at trial.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in an amount to be proven at trial for Plaintiffs' bodily injuries and pain and suffering.

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: June 12, 2012

Ryan J. Kim
INSEED LAW, P.C.
2454 E Dempster St Suite 301
Des Plaines, IL 60016
Attorney for Plaintiffs