# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4562 | **DATE** | 2/22/2013 |
| **CASE TITLE** | Cho et al. vs. GCR Corp. et al. | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendants' amended motion to dismiss pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6) [13]. For the reasons stated below, the Court grants the motion. If – consistent with Federal Rule of Civil Procedure 11 – Plaintiffs believe that they can amend their complaint to overcome the problems the Court has identified, they may do so within 28 days of the date of this order.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

**I.  Background**

Plaintiffs Kwan Bom Cho and Geovanni Ramirez [FN 1] allege that their employer, Defendant Prattco, Inc., d/b/a GCR Corporation; its president, Defendant William Lee; and its secretary, Defendant Christopher Lee, failed to pay them overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), and failed to pay them minimum wage in violation of the IMWL. Plaintiff Cho further alleges that Defendants fraudulently represented that lacquer thinner he used on the job was not harmful or hazardous, and committed battery by forcing him to work with the lacquer thinner in an unsafe manner over a prolonged period. Defendants have moved to dismiss the complaint [13], and Plaintiffs have not responded to the motion. The Court accepts as true all well-pleaded facts alleged by Plaintiffs and all reasonable inferences that can be drawn from them. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

>   [FN 1] Plaintiffs purport to assert their claims on behalf of other similarly situated individuals but have not sought class certification or certification of a collective action.

**II.  Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir.1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given " 'fair notice of what the * * * claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting

*Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Where the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Id.* For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Although "[s]pecific facts are not necessary [–] the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original) – "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Brooks*, 578 F.3d at 581 (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

In regard to Plaintiff's fraud claim, in order to survive a motion to dismiss, Plaintiff must allege the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the Plaintiff. *Borsellino v. Goldman Sacks Grp., Inc.*, 447 F.3d 502, 507 (7th Cir. 2007); see also Fed.R.Civ.P. 9(b) ("[A] party must state with particularly the circumstances constituting fraud."); *Polansky v. Anderson*, 2005 WL 3357858, at *7 (N.D. Ill. Dec. 29, 2005) ("[M]ere conclusory language which asserts fraud without a description of fraudulent conduct, does not satisfy Rule 9(b)"). The absence of any necessary detail renders the pleading deficient.

### III.     Analysis

#### A.     Count I (FLSA)

In Count I, Plaintiffs allege that Defendants willfully violated the FLSA by failing to pay them overtime wages – time and one-half – for hours that they worked in excess of forty per week. Defendants contend that Plaintiffs fail to state a claim because their "bare bones allegations" have failed to provide any more than "formulaic recitations of the elements of a cause of action." [13] at 4. The Court agrees.

Section 207(a) of the FLSA, 29 U.S.C. § 207(a), requires employers to compensate their employees at a rate "not less than one and one-half times the regular rate" for hours worked in excess of forty per week. Tracking the statutory language, Plaintiffs allege that they were not exempt from this requirement, [1] ¶ 19, that they worked in excess of forty hours per week, *id.* ¶ 20, and that Defendants did not pay them one-and-a-half times their ordinary rate of pay for the excess hours, *id.* ¶ 21. Plaintiffs do not allege any supporting facts – such as when they worked for Defendants, what they did for Defendants, how many hours they worked, or what, if anything, they were paid. Although federal courts use a notice pleading regime such that "[s]pecific facts are not necessary," *Erickson*, 551 U.S. at 93, plaintiffs must do more than "merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit)." *Brooks*, 578 F.3d at 581. To state a claim, plaintiffs must "provid[e] some specific facts to ground those legal claims." *Id.* Plaintiffs have failed to do that here. The lack of factual detail in their complaint at this time renders it "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Id.*

**STATEMENT**

    **B.    State Law Claims**

Plaintiffs have not stated a federal claim, and the Court must now decide whether to retain jurisdiction over their state law claims. See 28 U.S.C. § 1367(c)(3). The Seventh Circuit, animated by the principle of comity, consistently has stated that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993); see also *Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction * * * "); *Horton v. Schultz*, 2010 WL 1541265, at *4 (N.D.Ill.2010).

In *Wright v. Associated Insurance Companies, Inc.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994), the Seventh Circuit noted that there occasionally are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine judicial economy, convenience, fairness, and comity–will point to a federal decision of the state-law claims on the merits." The first example that the Court discussed occurs "when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court." *Id.* at 1251. That concern is not present here, however, because Illinois law gives Plaintiffs one year from the dismissal on jurisdictional grounds of state law claims in federal court in which to re-file those claims in state court. See 735 ILCS 5/13–217; *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008). Dismissal without prejudice of the state law claims also is appropriate here because the case is only at the motion to dismiss stage and substantial judicial resources have not been committed to the state law counts in Plaintiffs' complaint. *Wright*, 29 F.3d at 1251. Finding no justification for departing from that "usual practice" in this case, the Court dismisses without prejudice Plaintiffs' state law claims without discussing their merit under state law. The Court notes, however, that Plaintiffs may wish to consult Federal Rule of Civil Procedure 9(b) and 28 U.S.C. § 1367(a) if they desire to replead Counts IV and V.

**IV.    Conclusion**

Based on the foregoing discussion, all of Plaintiff's claims, at least as currently cast, are subject to dismissal. However, Plaintiffs whose complaints are dismissed through a successful Rule 12(b)(6) motion generally are allowed an opportunity to replead. See, *e.g., Smith v. Union Pac. R.R. Co.*, 474 F. App'x 478, 481 (7th Cir. Apr. 5, 2012). If—consistent with Federal Rules of Civil Procedure 11—Plaintiffs believe that they can amend their complaint to overcome the problems the Court has identified, they may do so within 28 days. If Plaintiffs decide not to file an amended complaint within 28 days, their federal claim will be dismissed with prejudice and the court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss those claims without prejudice.